**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Tresor Diraison Tene Takounga, Petitioner, v. Merrick B. Garland, U.S. Attorney General, Respondent. | No. 21-9 Agency No.    A213-086-836 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2023**
San Francisco, California

Before:  BOGGS,*** M. SMITH, and OWENS, Circuit Judges.

Tresor Diraison Tene Takounga petitions this court to review the Board of

Immigration Appeals' (BIA) denial of his motion to reopen.  We have jurisdiction

pursuant to 8 U.S.C. § 1252(a).  The parties' familiarity with the facts is assumed,

and they are recounted here only as necessary to provide context.  The relevant

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

standards of review are well-established. We deny the petition.

Petitioner's previous asylum, withholding of removal, and Convention Against Torture claims were denied based on the adverse credibility determination of the Immigration Judge (IJ). Both the BIA and our court upheld the IJ's adverse credibility determination. *Tene Tekounga v. Barr*, 797 F. App'x 329, 329–30 (9th Cir. 2020). Petitioner also filed a motion to reconsider, which was dismissed as untimely.

Petitioner then filed a motion to reopen based on changed country conditions. To prevail on such a motion following an adverse credibility determination, a movant "must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Singh v. Garland*, 46 F.4th 1117, 1122 (9th Cir. 2022) (quoting *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020)). The BIA denied the motion because Petitioner both (1) waived any argument challenging the IJ's prior adverse credibility determination, and (2) failed to show that the new claim was independent of the evidence previously found not credible.

In his briefing before this court, Petitioner challenges neither of those bases for denying the motion to reopen. Accordingly, we deem any such arguments waived. *See* Fed. R. App. P. 28(a)(8)(A); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). We need not reach Petitioner's other arguments, because his failure to challenge these threshold issues is dispositive of his claim.

**DENIED.**